Our final case for argument today is 23-2223, Modlin v. Collins. Counsel please proceed. Thank you, Your Honor. May it please the Court, on behalf of Mr. Modlin, I'd like to thank the Court for the opportunity to present his appeal. This appeal presents primarily a pure question of law. Does the Veterans Court have any discretion to refuse to consider an issue, argument, or theory that is closely related to one that was presented to the Board? So, we asked this Court, when considering this case, to carefully consider the purpose of VA compensation benefits. Under Section 1110, Congress has required that VA will pay compensation for any disability that results from a service injury. Once the claim has been successfully proven, VA is obligated to pay compensation from the date of the last active claim in the monthly amounts prescribed by Congress. Inherent in this is determination under 5110 when that claim was filed. This Court's decision in Scott says that the Veterans Court must always review closely related theories, arguments, or issues. Medjid, which was the first case in this line of cases on issue exhaustion, held if an invocation of the doctrine would frustrate the purpose or purposes for which Congress has created a particular statutory arrangement to the detriment of the individual, that point must be accounted for in reaching a decision whether to invoke the doctrine. Now, when Scott reviewed this after 15 years of practice before the Veterans Court, they cited prior case law in Roberson, Robinson, and Comer that requires, and I'm quoting here from Scott, require the Veterans Court to look at all of the evidence in the record to determine whether it supports related claims for service-connected disability, even though the specific claim was not raised by the veteran. Scott emphasized that there's a significant difference between considering closely related theories and evidence that could support a veteran's claim and procedural issues that are collateral to the merits. So here, the Veterans Court did appear to look at the record, at the point parts of the record you wanted them to look at to determine whether or not the record overall reasonably raised these arguments and theories that you wanted the Veterans Court to consider in the first instance, and they concluded, no, it wasn't reasonably raised. So why is it your view that that analysis somehow fails to follow the requirements of Scott and Magic? Because Your Honor, the issue before the board, there was two primary issues and this was Well, let me put it this way, what more in your view did the Veterans Court need to say and do beyond what it did, which is when it looked to see whether the record reasonably raised these arguments? They were required to actually address the issue that we raised below. And the reason What if they concluded, and they did, that no, these arguments were not reasonably raised in the record, and so therefore, issue exhaustion applies? Your Honor, I read Scott, and in particular, the case law between Maget and Scott to require the Veterans Court to consider those arguments, and there is no ability to exhaust when you're looking Even if the arguments are not reasonably raised by the record, certainly not expressly argued, but not only not expressly argued, but also not reasonably raised by the record, still got to go forward and address your brand new issues? Yes, Your Honor, because now, obviously, there needs to be some, it needs to be anchored into something in the record, which we believe we did here. We had prior notices of disagreement that we felt had remained pending, and thus would establish an earlier effective date for the start of the award of benefits. But if the Veterans Court concludes, no, we don't find anything that anchors this or that adequately anchors the argument you want to raise in the first instance to the Veterans Court, and not expressly raise to the board, then I don't understand why you still insist that they need to move forward on that and conclude there's no issue with Scott. The reason, Your Honor, is because, again, 5110 requires the board to establish the date of claim. Whether the specific notice of disagreement was still pending, whether under our argument there was a 3156B bond broad type of argument, those are all very fact-intensive inquiries that the board has to make in the first instance. The Veterans Court was really only reviewing, as we cited in our brief, an error under Bean, where the issue was before the board, and they failed to address it. So then, is it your argument that every time a veteran at the Veterans Court, for the first time, raises an issue that the veteran didn't raise below, that the record raises an argument that the board did not address, the Veterans Court has to remand that to the board, for the board in the first instance, to figure out whether or not the record reasonably raises an argument that it didn't actually address? Not reasonably raise, Your Honor, but we think that, particularly with the cases that were cited in Scott, Roberson, Robinson, and Comer, that when the issue, or the theory, or the argument, is closely related to an issue that was before the board, and here, the Veterans Court made clear. Well, isn't that the point, that the issue was before the board? I'm sorry, Your Honor? Before the board. My understanding was that Maggett, or Maggett, as Mr. Carpenter pronounces it, from the beginning, that Maggett, Roberson, Roberson, Comer, are basically asking the question, did the board miss something? Is there something that the board should have spotted? I think, I know you would agree with me that that's what we get out of Maggett. Yes, Your Honor. I think that's correct. I think that's correct. So they're saying, did the board miss something? And then, after Scott, and both Bozeman and Dickens, we have said that basically what the court is doing in Scott is asking the Maggett question, did the board miss something? That's the way I'm reading it. You're familiar, of course, with both Bozeman and Dickens. Yes, Your Honor. And so, Bozeman and Dickens are saying to Scott, let's put, let's understand what Scott's telling the CAVC to do, is telling the CAVC to go back and take a look, pursuant to Maggett and its progeny, to see whether there's something that was reasonably raised to the board that the board missed. And if the board missed it, well, by gum, we're going to address it. And as Judge Chen said, I think in this case, without citing Scott and Bozeman and Dickens, but citing Maggett, that that's what the CAVC did here. That is what they did, Your Honor, and that's what we're taking issue with. But I can't see that. Your response to Judge Chen about the what else are they supposed to do, seems to me as they're supposed to do what they did do. They're supposed to ask whether the board missed something. The board has an obligation, especially at the veteran-friendly environment of the board, the board is supposed to look at the record and say, hey, where is this claim coming from? What's happening? What does the record show? Especially when you're talking about the effective date for a claim that's been established a long, long time ago. Right, Your Honor. And they did miss it. I mean, Mr. Modlin, his attorney, went in the final brief to the board before he came before the courts. Right, but if the board did what it did, if it was properly applying Scott, as understood by Bozeman and Dickens, whether it flopped, whether the CAVC made a mistake, and how it looked at what the board should have done, is going to be a fact of law issue. Because that's also what our case says. So I think you have to convince me that there was a legal error committed by the CAVC in how it analyzed the question of whether or not your two arguments, these two claims. So the legal rule that we read in Scott, Your Honor, is that if it's a closely related theory, the Veterans Court has no discretion to refuse to correct an error that's identified by the veteran. Right, but the way they find out if it's a closely related theory is to go back and look and see whether the BVA flubbed in not seeing that. And I think that that's a component of it, Your Honor, but when there is a prior claim that was filed, as there is here, now I think there's a distinction between a case where there's nothing that happened prior to the date that the board established, then there's clearly no possible legal basis or factual basis for the board to have mentioned anything else. There's always a question in these instances where an issue wasn't presented to the board, whether or not the record is sufficient to show it. Our case law shows that, and there's language that says we don't have to hunt around. It's something that is like an ordinary joke. Somebody would see it. And so there's been a decision here, there's been an assessment by the CAVC looking at the record to see whether the board should have spotted this, your two arguments, and the CAVC comes back and says, no, there's no clear indication they should have. Well, but that's not for the Veterans Court at that stage to address. Again, because there is a claim, there was an appeal, so the board had jurisdiction. If Mr. Modlin's correct and those appeals, one or both of those appeals were still pending, then the board would have had jurisdiction. But whether they're still pending or not relies upon fact-finding that the board never did. It relies upon addressing these earlier claims and appeals, which the board never did. And essentially, the Veterans Court, what they've done is gotten in front of the board and made pseudo fact-findings. The board, of course, didn't address these arguments. I mean, otherwise you wouldn't be here. So the question was, did the board have an obligation to address them? And that's a yes or no question. And I think they do, Your Honor. And I'll just point to the record 24. Right, but you're disagreeing with the assessment by the CAVC as to whether or not the board should have thought of this. Not should have. I think that's colloquial language. Yes, Your Honor. That's basically what Maget, Roberson, and the others are asking. It is, Your Honor, to some degree. But again, I think that the way that I read Scott, it expands upon the ruling in Maget. Maget specifically said that this court was not yet at that time prepared. I hear you, but you're stuck with Bozeman and Dickens. We are, Your Honor. But I think that Scott established that, one, for procedural errors, that you have to do the balancing of interests. And that's subject to issue exhaustion. But then for others, and I'm reading the language here, and it very clearly says that when the issue is closely related, the veterans' interests always outweigh the institutional interests because, and I'll just point to, again, as our brief did, 7104A, decisions by the board shall be based on the entire record and all evidence and material of record, and 3.103A, where the VA is required by their own regulation to develop the facts pertinent to the claim and render decision which grants every benefit that can be supported in law. And we think that this, as it's interpreted in Comer, Roberson, and Robinson, obligates the veterans' court, when an issue was raised before it that the board hadn't considered, to remand it back for the board's initial consideration. And I will save the remainder of my time if there are no other questions. Okay, thank you, counsel. Let's hear from the government. Good afternoon, Your Honors, and may it please the court. As we discussed in our briefing, this appealó I didn't hear you pronounce your name. Excuse me? Oh, Robert Kapira on behalf of the government, Your Honor. As we discussed in our briefing, this case should be dismissed because appellant raises a challenge of the veterans' court's application of law to fact. To put it quite simply, the veterans' court did exactly what it was supposed to do in this type of case. The first inquiry that they addressed was this issue exhaustion question under Maggott or Maget to whether or not to exercise their discretion to consider these arguments that were raised for the first time before the veterans' court. The court did not citeó Scott. Scott. For Bozeman or Dickens. Is that right? That's right, Your Honor. So my understanding is the Blue Brief's legal error argument is that the court below did not follow Scott. That's what appellant is alleging here. Now, the Scott argument that's presented to this court was not presented to the veterans' court. It wasn't in their briefing before the veterans' court. But really, I think what the problem here isó Are you saying that's a surrender here? Excuse me? Because it wasn't raised there, are you saying that they've surrendered from here? I don't think the court needs to go that far, Your Honor, because what the appellant is asking this court to do in its interpretation of Scott takes Scott far beyond what it actually says. The appellant is arguing that essentially Scott, in effect, abrogates part of Maggott. They're saying that Scott takes away the discretion from the veterans' court as to whether or not to hear arguments raised in the first instance. And that's simply beyond what this court said in Scott. And that's reinforced by the Bozeman and Dickens decisions that came later. All that Scott is doing is essentially interpreting, based on the facts of that case, whether or not the veterans' court was correct to decline to exercise its discretion. And this dichotomy between closely related issues versus procedural ones is something that the court highlighted. But I think it's significant in Scott that, in that case, they found that it was a procedural question. And so they were more speaking to that issue in Scott. But beyond that, as has already been highlighted here, while the veterans' court did decline to consider those arguments in the first instance, they also went further and did look at whether or not these issues were reasonably raised by the record. They looked back to consider whether or not this 1980 ratings decision was something that should have been considered by the board. Similarly, they looked at the 2005 notice of disagreement and concluded on both points that, in neither instance, were those issues reasonably raised before the board. That is an application of law to the facts of this case. Do you think these theories that are being raised with respect to the 1980 claim and the 2005 nod, would you say they are procedural issues being raised, or are they more akin to the closely related theories point that Scott was making? I would say they're procedural issues. I'll acknowledge the briefing in this case did not touch that question, but they are procedural questions. A merits-based question would go to something more related to these questions of service connection and so forth. The issue that's being raised here... Why are they procedural? They're procedural, Your Honor, because the argument that appellant is making is whether or not a claim within the veteran's process is still pending. That has nothing to do with the merits of his claim, which relates to bilateral hearing loss and then eventually an equilibrium disability vertigo. Whether or not something is pending within the veteran's benefit system, that's a procedural question. That's separate from a merits-based question. Whether certain testimony during a ratings hearing counts as new and material evidence, is that a procedural question or is that a substantive question? I believe it's still a procedural question, but the Veterans Court actually spoke to this point. It's in the appendix. I believe it's appendix page 7. It's page 6 of the court's decision at footnote 3. In the pages surrounding that, the Veterans Court actually talks about this issue. This goes to this question about the application of section 3.156. Basically what the Veterans Court said there is that 3.156 can't apply because the testimony that's being referred to happened in a January 1980 hearing. Subsequent to that, the board in a July 1980 decision looked and said, essentially said to the regional office, you didn't address this issue concerning the right ear hearing loss and sent it back for the board to consider, or excuse me, for the regional office to consider. And the RO did that in a September 1980 decision. So what the Veterans Court was saying is 3.156 can't apply because that provision only applies to new and material evidence that is submitted after a decision has been rendered. In this case, the evidence, this January 1980 testimony, was submitted before both the July 1980 board decision and the subsequent September 1980 RO decision. So to say that a ruling as to whether or not that was new and material evidence hadn't been issued is inaccurate because, again, new and material evidence has to come after the fact and this testimony came before and that's exactly what the Veterans Court said in its decision. Anything further? No, Your Honor. Thank you. Thank you. So just a few points, Your Honor. One on the government's last point. Yes, the board did send back the issue of the right ear and the RO did issue a rating decision, but they also issued a statement of the case on the right ear, which requires a notice of disagreement. And so that is an acknowledgment at that time that the issue was part of the original notice of disagreement. And so part of the basis of the Veterans Court's analysis is we believe, again, it's always these very detailed factual determinations that the board is the one who's supposed to be doing that. Number two, Maggett, reading here from page 1378, although the decision whether to invoke the doctrine is a matter of discretion, the decision itself is reviewed independently at the appellant level. In parentheses it says, CID citing the Ledford reviewing decisions to invoke exhaustion rule as a matter of law. And so this court can, we think, under that, review the decision to invoke the exhaustion as a matter of law. Maggett also says, just following that, we are not prepared at this time to establish an across-the-board presumption for or against the exhaustion doctrine. And then, as we explained in our briefing, that's when Scott comes in after Comer, after Robinson, after Roberson. And I'd just like to make sure that the court does not forget about an alternative argument where we ask the court to look at even if Scott does not create a blanket obligation of the board, of the Veterans Court to consider all closely related issues, this had to have been reasonably raised as a matter of law, in part because the board must always establish its jurisdiction. And part of its jurisdiction has to be which claim it has before it. If it's looking at a 2012 claim, but a 1980 or a 2004 claim is the one that was actually appealed, then the board makes an error. It has to establish which claim is before it in order to determine which appeal it's considering. And lastly, this is not a procedural matter. This is a merits determination. It's what is the effective date and the severity. That determines how much compensation under 1110 that the VA owes Mr. Modlin. It's not an issue of, you know, whether he was denied some process like Scott, where he neglected to assert his right to the hearing that he requested. This goes to the very heart of how much money he is entitled based on whichever claim was still pending when the board reviewed his appeal. And so, again, we'd ask that the court find that Scott requires the Veterans Court to have considered it and remand for that consideration in the first instance, presumably to remand to the board. Okay. Thank you. We thank all counsel. This case is taken under submission.